ELIZA C. GARDINER *vs.* OSCAR MILES.—*December*, 1847.

The defendant pleaded in bar to the plaintiff's declaration, and tendered an issue to the country. Several terms after, before the issue was made up, the defendant prayed leave to amend his plea, and plead anew, which was granted.

The defendant then pleaded three new pleas, viz: Nos. 2, 3 and 4. To the 1st and 3d pleas, the plaintiffs then joined issue, and demurred generally to the 2d and 4th. The county court sustained the demurrers, and overruled the 2nd and 4th pleas. This defendant again obtained leave to plead anew, and then pleaded two pleas; upon the *first* of which, the plaintiff joined issue, and demurred to the *second*. He again obtained leave, and pleaded his 3d, 4th and 5th pleas. The plaintiff demurred to the 3d and 4th of the last amended pleas, and joined issue upon the 5th. The county court rendered judgment upon the demurrers to the 2nd and 3d, and the 4th amended pleas for the defendant. Held, that the 2nd amended plea, which was demurred to, was not withdrawn or waived by the leave to amend, and filing the 3d and 4th amended pleas.

Filing additional pleas with the leave of the court, is not a withdrawal of prior pleas in the cause.

Where there are issues of fact, and several issues in law, and the county court renders a judgment generally upon the issues of law, it is to be presumed they acted upon all of them, and they will be so reviewed upon appeal.

Where the land of which a husband died seized, is sold by a court of equity for the payment of debts, by reason of the insufficiency of his personal estate to pay them, and his widow is a party to such proceeding; if the land is

decreed to be sold free from the claim of dower, the widow would be barred of her right of dower so long as the decree remained unreversed.

A court of law will not decide, collaterally, whether the decree of a court of equity is correct. If a case is stated in the pleadings, which gives the court of equity jurisdiction, it is all that need be ascertained.

Ambiguity in pleading is the subject of special demurrer.

Where an action is brought by *A.*, and the defendant's plea in bar averred, that a person of the same name was a party to proceedings in equity, described in the plea, this is inferentially stating in the plea that it is the same person.

APPEAL from *St. Mary's* County Court.

On the 1st January, 1844, the appellant, as the widow of *Charles Ll. Gardiner*, issued a summons in *dower* against the appellee, for one-third part of the freehold in the tract of land, called " *Part Brambly*," which was of her late husband, &c. To the plaintiff's declaration on such summons the defendant pleaded that the said *C. Llewellen Gardiner*, late husband of the said *Eliza*, neither on the day he married the said *Eliza*, nor ever afterwards, was seized of the tenements aforesaid, with the appurtenances whereof, &c. of such an estate, as he could thereof endow the said *Eliza;* and of this, he puts himself upon the country.

The defendant at *August term*, 1845, prayed leave to amend his plea, which was granted; and he then pleaded:

1st. That the said *C. L. G.* had only an equitable interest in the tenements aforesaid, with the appurtenances. And that a large debt was due by the said *C. L. G.* to his brothers, the sons of *Thomas Gardiner*, to whom said real estate belonged; and which debt remained unpaid and unsatisfied; and this the said defendant is ready to verify.

2nd. That *Thomas Gardiner*, the father of *C. L. G.*, died seized and possessed of said real estate; leaving his three sons, *C. L. G.*, *Robert G.*, and *Thomas Gardiner*, his heirs-at-law. And the said *Thomas* and *Robert* had liens created by the laws of *Maryland* upon said real estate, to the amount of ten thousand dollars, at the death of the said *C. L. G.* And the said *C. L. G.* was not seized of such an interest in said real estate as he could thereof endow the said *Eliza;* and this he is ready to verify, &c.

3rd. That the said land, real estate and tenements descended from *Thomas Gardiner* to his three sons, *C. L. G., R. G.* and *T. G.*, as his heirs-at-law; and that the said *C. L. G.*, by virtue of proceedings in *Saint Mary's* county court, for the division and valuation of said real estate, elected to take said real estate at the valuation thereof, and executed his bonds for the payment of the respective interest in said real estate of his two brothers, *Robert* and *Thomas ;* and which bonds, to the amount of ten thousand dollars, remained unpaid and unsatisfied, at the death of the said *C. L. G. ;* and the said *Eliza* is not entitled to dower in the same; and this he is ready to verify, &c.

*Eliza C. Gardiner,* as to the *first* and *third* pleas of the said *Oscar Miles,* joined issue with the defendant; and demurred generally to the *second* and *fourth* pleas, in which the defendant joined.

The court sustained the demurrers, and overruled the second and fourth pleas. Upon motion of the defendant, the judgment upon the demurrers was stricken out, and the defendant had leave to plead anew. He thereupon pleaded,

1st, that the said *C. L. G.,* late husband of the said demandant, neither on the day he married the said demandant, nor ever afterwards, was seized of the tenements aforesaid, with the appurtenances; whereof, he, the said *C. L. G.,* was seized of such an estate as he could thereof endow the said demandant; and of this he puts himself upon the country.

2nd. That the said *E. C. G.* ought not, &c., because he says that *T. G.,* the father of *C. L. G.,* died on 2nd April, 1826, seized and possessed of said real estate and tenements intestate, leaving three sons and a daughter as his heirs-at-law, to wit: *C. L., T.,* and *Robert G.* That after the death of the said *T. G., C. L. G.* filed his petition in *Saint Mary's* county court, for a commission of partition. That said commission was executed and returned, stating that said real estate had been divided into four lots. And that the said *C. L. G.,* being the eldest son, elected to take lot No. 1 of said real estate at its valuation, as by the record and proceedings still remaining in the said court,

more fully appears. And the said defendant says, that the said *C. L. G.* executed his bonds to pay to the other heirs their proportions of said lot No. 1, of said real estate; but died without paying or satisfying the same. And this defendant further says, that after the death of the said *C. L. G.*, *John J. Allstan*, the assignee of the said *T.* and *R. G.* filed his bill of complaint on the equity side of *Saint Mary's* county court, against *Richard H. Miles*, *Eliza C. Gardiner*, and the children and heirs-at-law of the said *C. L. G.*, for a sale of said real estate, to pay the sums so due and owing to the said *R.* and *T. G.*, for their proportion of the real estate of their father, *T. G.*; and such proceedings were had that *Saint Mary's* county court, sitting as a court of equity, at *August* term of said court, 1842, decreed a sale of said real estate, free, clear, and discharged of all right, claim, or title of any of the parties to said suit. And this defendant further says, that *Richard H. Miles* was appointed trustee to sell said real estate; and took upon himself the burthen of said trusteeship—and proceeded to sell said estate. And this defendant avers, that at the public sale of said real estate, he purchased the same for $10,000, and complied with the terms of sale, by executing his bond, with security. And he avers, that the price given for said real estate was its full value, without incumbrance of any kind; all of which more fully appears by the record and proceedings still remaining in said court. And this defendant avers, that he has purchased said real estate, free, clear, and discharged of all the rights and interest of the said *E. C. G.* in said real estate; and this he is ready to verify. Wherefore, he prays judgment if the said *E. C. G.* ought to have her dower in said real estate as demanded.

The plaintiff joined upon the first amended plea, and demurred to the second, in which the defendant joined.

The defendant then by leave of the court, filed his *third, fourth* and *fifth* amended pleas, as follows:

3d. That *T. G.* the father of *C. L. G.* died intestate, and seized and possessed of said real estate, sometime during the year 1825, leaving *C. L. G.*, *T. G.*, and *R. G.* his legal repre-

sentatives and heirs-at-law, and that the said *T.* and *R.* have not received their share or proportion of said real estate, and this he is ready to verify.

4th. That the said demandant is not entitled to have dower in said lands, tenements and real estate, because he says that after the death of said *C. L. G.*, said real estate was sold under a decree of *St. Mary's* county court, sitting as a court of equity, and the said defendant became the purchaser for a fair and full price, and this he is ready to verify.

5th. That the demandant is not entitled to dower in said real estate, lands and tenements, and of this he puts himself upon the country.

The plaintiff demurred to 1st and 2nd amended pleas, that is the 3d and 4th pleas in which the defendant joined.

The plaintiff joined issue upon the 3d amended (the 5th) plea.

The county court rendered judgment for the defendant on all the demurrers, and the plaintiff appealed.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS and MARTIN, J.

By THOMAS and CAUSIN for the appellants, and

By McMAHON for the appellee.

ARCHER, C. J., delivered the opinion of this court.

The court are satisfied that the first plea which was demurred to, is not to be considered as withdrawn, by the putting in of the subsequent pleas. If put in at the same time with the subsequent pleas, this would be clear. If put in subsequently by way of amendment, such amendment and filing of pleas cannot be considered either as a waiver of the first plea, or as a withdrawal of the pleas filed previously to the amendment.

To the first plea, issue was joined to the country. To the second, there was a demurrer, and joinder in demurrer—then the three successive pleas are each filed as additional pleas, each being filed with the leave of the court, showing thereby that the defendant did not design to withdraw his pleas already

filed, but that he still relied upon them. To the 3d and 4th pleas there are demurrers, and joinders in demurrer—and to the fifth plea there is an issue to the country—when the court pronounced their judgment, there were then three issues in law presented by the record for their consideration, and their judgment must be considered as pronounced upon all such issues; and the enquiry will then be, whether the court were right in the judgment pronounced by them in deciding the demurrers in favour of the defendant?

It is conceded by the counsel for the defendant, that the third and fourth pleas were bad on general demurrer. But it is insisted that the plea secondly pleaded on general demurrer, is good, and operates as a bar to the plaintiff's recovery, and of this opinion we are. The action is brought for dower in a tract of land, called " *Part Bramley*," and the plea after averring that the father of the husband of complainant died seized of *said real estate*, and that a partition of the same was had, whereby the same was divided into four parts, that lot No. 1 of said real estate was elected to be taken by the husband of the plaintiff, and that a bill was filed by the assignee of the bonds taken for the payment of the proportions of the other heirs, for a sale of the " said real estate," the plea then avers, that the said " real estate" was sold free and clear of the claims of all parties to the suit.

Now the enquiry is, what real estate is averred to have been sold? was it only part of the land in which dower was claimed, or was it the whole? The father of the husband it is averred, was seized of the real estate in which dower was claimed, and it is averred that *said real estate* was sold. This naturally refers to the whole land of which the father of the plaintiff's husband died seized. When it is said " *the said real estate was sold*," it cannot refer to *lot No. 1 of said real estate*, for that was only part of *the said real estate*, nor do the proceedings stated in the plea, lead to the certain conclusion that only part of the land was sold. It might be, that the husband of the plaintiff had acquired the title before the bill was filed to the whole of " *Part Bramley*," and his personal estate being insuffi-

cient to pay his debts, the whole real estate may have been decreed to have been sold to pay the claim of the complainant, in the bill stated in the plea to have been filed. If the whole land was decreed to have been sold to pay this debt, free from the claims of dower in the plaintiff, and she was a party, she would undoubtedly be barred of her right of dower, unless such decree should be reversed on appeal.

But if the plea in this respect be ambiguous, it ought on account of such ambiguity to have been the subject of a special demurrer. 23 *Eng. C. L.* 438.

Whether the Court of Chancery decided correctly or not on the case stated in the plea, is not for us to enquire. If a case is stated which gives jurisdiction to the court, it is all that need be ascertained, and such a case we think is there presented. Nor need we enquire into the existence of a lien in the assignee of the bonds.

It is certainly inferentially stated in the plea, that the plaintiff was a party to the bill in Chancery. A person of her name is a party.

It is stated that the land was decreed to be sold free from all claim of the parties, and that the defendant purchased the same free from the plaintiff's claim of dower.

*Eliza C. Gardiner*, the plaintiff, is therefore to be considered a party, and a decree which directs a sale free from all claims she might have in the land, would bar her claim of dower.

The court were, we think in error, in ruling the demurrer bad to the third and fourth pleas, but right in their judgment in relation to the demurrer on the second plea. And as that is conclusive against the plaintiff's right of recovery, we think the judgment entered for the defendant should be affirmed.

JUDGMENT AFFIRMED.