HENRY S. MITCHELL, ADM'R D. B. N., C. T. A. OF JAMES MITCHELL, *vs.* JULIANNA WILLIAMSON, GEORGE W. WILLIAMSON, ADOLPHUS WILLIAMSON, EX'RS OF DAVID WILLIAMSON, JR.—*June* 1850.

Where a suit is brought against an executor who dies after nar filed, and the admn. d. b. n. c. t. a. is made a party, it is not necessary to file a new nar.

Mitchell, Adm'r, *vs.* Williamson's Exc'rs.—1850.

Where under leave to amend and plead *de novo*, new pleas are filed, those
before in the case are, of course, withdrawn.

When a plaintiff takes issue in fact upon an allegation not constituting a
legal bar to his action, he cannot ask the court to rule out testimony in
proof of such allegation.

The act of 1826, ch. 247, does not dispense with the necessity of a full re-
cord, as evidence of a judgment in any case, in which, before that act, a
full record was necessary.

APPEAL from *Charles* county court.

This was an action of *debt*, instituted on the 16th of March
1838, by the appellees, executors of *David Williamson, Sen.*,
against *Elizabeth Mitchell*, executrix of *James D. Mitchell*,
upon a bond for $2000, executed by *David Williamson, Jr.*,
as principal, and said *James D. Mitchell* as surety, on the 17th
of August 1833, and payable to the plaintiffs as executors as
aforesaid, within two years from date.

After the nar was filed and before plea, the executrix died,
and the appellant, *Henry S. Mitchell*, the admr. d. b. n. c.
t. a., was ruled to appear and defend the action. The nar
filed against the executrix, was the only one filed in the case.
The appellant then appeared and after several imparlances,
pleaded:—1st. Payment. 2nd. *Plene administravit*. 3rd.
That said *J. D. Mitchell*, signed the bond as surety of said
*David Williamson, Jr.*, and died on the 1st of June 1838: and
that said *David* died on the 1st of January, 1839, and *Maria
Williamson*, his executrix, proceeded to settle up his estate, and
on the 15th of March 1839, gave the notice required by law
to creditors to file their claims, which was duly published, and
that said executrix had sufficient assets to pay said debt; but
the plaintiffs did not present the said bond as required by said
notice. That said executrix on the 19th of October 1844,
passed a final account and has distributed and paid away all
the personal estate of her testator, without notice of this bond.
And so this defendant saith, that by the laches and default of
the plaintiffs, the estate of the said *David* is wholly exonera-
ted and discharged of any liability for said bond, he therefore
prays judgment if the said plaintiffs ought to have or maintain
their aforesaid action against him, as admr. d. b. n. of the said

*James D. Mitchell*, &c. 4th. That the plaintiffs never were executors of said *David Williamson Sen.*, deceased.

The plaintiffs then took issues upon the 1st and 2nd pleas, and demurred to the 3rd and 4th. The defendant then joined in demurrer, but afterwards withdrew the joinder as to the third plea, and asked leave to amend the same, and answer anew to the declaration. He then filed an amended plea, the same as the *third* with but slight verbal alterations. The plaintiffs then replied, and traversed the said *third* plea as amended; and upon this traverse issue was joined. The court then gave judgment on the demurrer to the 4th plea, for the plaintiffs; but this was afterwards stricken out, and the plaintiffs, upon leave granted, replied, and traversed the 4th plea, by averring that they were the executors of *David Williamson, Sen.*, and on this traverse issue was joined.

After this the defendant asked leave to amend his pleadings, and answer anew, which being granted, he pleaded, 1st. *Plene administravit*

2nd. That said *J. D. Mitchell*, in his lifetime, was indebted unto one *Sarah E. Mitchell*, in the sum of $5,000, with interest, for a legacy or bequest, chargeable to said *James*, in and by the will of *F. J. Mitchell*, deceased, which is still due to said *Sarah*. And further, that since the death of said *James*, one *Ann M. Mitchell*, as adm'x of *J. T. Mitchell*, recovered against defendant, as adm'r of said *James*, a judgment, which still remains unsatisfied. And defendant saith, that he hath fully administered all, &c., the goods and chattels which came to his hands, as adm'r *d. b. n.* of said *James*, except goods, &c., of small value, viz: of the value of $20, and hath not, &c., any goods of the said *James* in his hands to be administered, except the goods and chattels of the value aforesaid, which are not sufficient to satisfy the several debts aforesaid, and which are subject and liable to satisfy said debts, together with the debt due to the plaintiffs, &c.

3rd. That said bond was executed by said *James*, as surety for *David Williamson*, and was made to secure the payment of a judgment, which plaintiffs had recovered against said *Da-*

*vid*, in *Harford* county court, and that after its execution, viz: on the 3rd of October, 1835, *Adolphus Williamson*, one of the plaintiffs, by his release of that date, did release unto said *David* all his interest in said judgment, being one-ninth part thereof. And further, that before the bringing of this suit, viz: on the 1st of August, 1835, said *David*, the principal in said bond, for the purpose of further securing the payment of said judgment, conveyed to plaintiffs and *Joseph M. William-son*, all his right in certain lands in *Louisiana*, of the value of $50,000; and afterwards, on the 1st of October, 1835, said *Adolphus*, one of the plaintiffs, by his release of that date, did release and convey to said *David*, one undivided *fourth* part of a fifth part of said lands, which said fourth part was sufficient in value to have paid and satisfied said bond. And further, that after the rendition of said judgment and making of said bond, viz: on the 20th of August, 1833, *Juliana Williamson*, one of the plaintiffs, by release of that date, did release all her interest in the debt due by said *David* to the plaintiffs. By all which actings and doings defendant saith, that said *James*, as surety aforesaid, was wholly discharged and exonerated from said bond, before the bringing of this suit, and this he is ready to verify, &c.

4th. That before the service of the writ in this cause on the defendant, he caused to be published a notice to creditors according to law, but plaintiffs did not present their claims as thereby required.

The defendant again asked leave to amend, and filed the same four pleas as before, with an additional one, 5th, that plaintiffs, before bringing suit, did not demand payment of the *bond* from said *David Williamson*, although he was then alive. He then asked leave to file an additional plea, which being granted, he filed his 6th plea, that the bond was given to secure the payment of money upon an usurious contract, made on the 7th of August, 1833, between the plaintiffs and the obligors, whereby more than six per cent. interest was reserved, contrary to the act of Assembly in such case made and provided, &c.

The plaintiffs traversed all the facts averred in these six pleas, and took issue thereon, in which the defendant joined.

1st EXCEPTION. The plaintiffs read the bond on which suit was brought and then rested. The defendant then introduced the will of *F. J. Mitchell,* dated 18th of March, 1825, in which the testator desired his son, the said *J. D. Mitchell,* to release to his sister, *Sarah E. Mitchell,* his interest in certain lands held by them in right of their mother, "or in lieu thereof, pay to said *Sarah* the sum of $5,000, lawful money, for and with the payment of which said sum of $5,000, in the case of his refusal or omission to release and relinquish aforesaid, I do hereby charge that portion of my estate and property so devised and bequeathed, to said *J. D. Mitchell,* for his own use and benefit." (Other parts of this will are omitted, as the pleadings do not state any questions arising upon them, and the whole will will be found set out in the case of *Mitchell vs. Mitchell,* 2 *Gill,* 230.) The defendant further proved, that *J. D. Mitchell* received under this will real and personal estate, to a much larger amount than $5,000, and died in August, 1837. That said *Sarah E. Mitchell* brought suit against his executrix in 1840, to recover the sum of $5,000, mentioned in said will, to which limitations were pleaded, and an entry of *non pros.* made, because the counsel had mistaken the form of action. Upon this evidence, admitted without objection, the defendant asked the court to instruct the jury, that it was competent for them to consider the said sum of $5,000, with interest from the death of said *J. D. Mitchell,* as a debt chargeable against the assets of said *J. D. Mitchell,* in the hands of defendant, as adm'r *d. b. n.,* but the court, (MAGRUDER, C. J., and DORSEY, A. J.,) refused to grant this instruction, and the defendant excepted.

2nd EXCEPTION. This exception was taken by the defendant, to the refusal of the court to permit him to read a power of attorney, executed by *Juliana Williamson* to *Charles Williamson,* to execute for her the release, and said release executed in pursuance thereof, referred to in the third plea, having first proved the execution of said power of attorney, and also

of the release, the latter being proved by showing, that the signature of *Juliana Williamson* was in the handwriting of *Charles Williamson*, the nominee in said power of attorney.

3RD EXCEPTION. The defendant to sustain the plea of usury, offered to read a certified short copy of the judgment and docket entries in the case of the plaintiffs, as executors of *David Williamson, Sen.*, against *David Williamson, Jr.*, in *Harford* county court, but the court, on motion of the plaintiff's counsel, rejected the evidence so offered, and defendant excepted.

The verdict was for the plaintiffs on all the issues. The defendant moved in arrest of judgment, because the proceedings were wholly irregular, but the court overruled this objection, and rendered judgment for the plaintiffs, and the defendant appealed.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MARTIN and FRICK, J.

By ROBERT J. BRENT for the appellant, and
By CAUSIN for the appellees.

CHAMBERS, J., delivered the opinion of this court.

It has been very correctly said by the appellants' counsel, that the confused state of the record in this case, makes it very difficult to ascertain what are the questions properly before the court.

We will express an opinion on such points as we suppose, after an examination of the record, and a consideration of the argument, may be properly regarded before us.

The motion to arrest the judgment has been argued on two grounds : first, that in such a case as this, where a suit is instituted against an executor, who dies, *pendente lite*, after nar filed, when the administrator *d. b. n., c. t. a.* is made party, a new nar is necessary. The act of 1785, chap. 80, authorises the court to order new pleadings when they deem it necessary, in cases where representatives are made parties; but it is by no means required, in all cases, and in this would have been perfectly useless.

The second ground is, that the court gave judgment on demurrer, to one of the pleas, for plaintiff, which was afterwards stricken out; and that no further action was had in reference to the plea. This is a mistake on the part of the counsel, for the record shows there was a replication to that plea, and it further shows, that afterwards the defendant had leave to amend his pleadings, and plead anew to the nar, and of course all the previous pleas of defendant, and the replications thereto were withdrawn. Indeed, one cause of the confusion prevailing in this record arises from the repetition, time after time, of the same pleas after applications to amend and plead *de novo*, which application was made three several times. When, under leave to plead *de novo*, new pleas are filed, those before in a cause are, of course, withdrawn.

The first exception was taken to the refusal of the court to instruct the jury, that the evidence offered tended to prove a debt *of* $5000, *to be due from J. B. Mitchell's* estate. We do not perceive that the matter alleged in the plea stating that fact, proved any legal defence or a bar to the action. The plaintiff however had taken issue in fact upon that plea, and so far as the evidence offered went, it was precisely in conformity to the allegations of the plea, and so far calculated to prove it. When a party takes issue in fact upon an allegation not constituting a legal bar to his action, he cannot successfully ask the court to rule out testimony, if it be in proof of such allegation. The devise of *Francis J. Mitchell* to *J. D. Mitchell* of a large real estate, and the direction that *J. D. Mitchell* should pay his sister $5000, certainly created a debt. It has been said this court decided it was a lien on the estate devised to *J. D. Mitchell, and lost or* merged by the fact that the sister before the payment of the money, became entitled by inheritance from *J. D. Mitchell* to the land charged, 2 *Gill* 230. But it must be remembered that, although by the will it appears to have been a charge upon the real estate devised, it was not for that reason the less a debt due by *J. D. Mitchell,* and the facts which induced this court to say the debt merged, were not in this cause replied by plaintiff in answer to the plea,

nor given in evidence to take away the force of the proof offered by defendant. We can only regard the case made in the plea and proof, are as the latter was in conformity to the plea, we must say the court should have admitted it. The question raised by the second exception seems to be, whether the defendant could read to the jury the letter of attorney from *Juliana Williamson,* one of the plaintiffs, to *Charles A. Williamson,* authorising him to execute the release, for her proportion of the debt due from *David Williamson,* and the release executed pursuant to said letter of attorney, the due execution of each of these papers having been first proved. To ascertain the propriety of reading these papers to the jury, it is necessary to ascertain whether they were relevant to the issue framed. The appellee's counsel has urged that the release related to another debt, but it will be found that it is so set forth in the plea on which issue is taken. It is also objected that its legal effect is not to discharge the debt for which the action is brought; but if that is the case, the proper course would have been to demur to the plea, and not to deny the allegations. We do not intend to intimate that the facts pleaded amount to a legal bar, or that if a release of the debt sued for was claimed, the plea correctly brings that question before the court. A plea should not set forth the evidence, and deduce argumentatively therefrom a legal conclusion, but if the particular circumstances constituting in law a release or other matter of defence, are thus alleged, and the adverse party takes issue on these allegations, he cannot require the court to rule out testimony which goes to prove the particular allegations in the plea.

The third exception was taken to the refusal of the court to admit a copy of the docket entries from the clerk of *Harford* county. There is nothing in this case to exempt the party who desired to offer proof of the character and nature of the judgment in *Harford* county, from producing the usual proof, a full copy of the record. The act of 1826, ch. 247, authorises the clerk to make up his full record from his docket entries, and minutes, instead of resorting to the record or transcript, which before that act was required to be made of every judg-

ment, but it does not dispense with the necessity of a full re-cord as evidence of a judgment, in any case in which, before that act, a full record was necessary. The opinion of the court below is therefore affirmed on the third, and reversed on the first and second exceptions.

JUDGMENT REVERSED, AND PROCEDENDO.