## Samuel Schindel *vs.* Albert H. Suman.

Where there is a demurrer and issues of fact, and the demurrer is ruled
against the party pleading it, and the issues of fact are tried, and a ver-
dict and *final judgment* rendered against the same party, he may ap-
peal from the judgment on the demurrer.

The record of an action of *assumpsit* between the same parties where the
jury assessed the plaintiff's damages at a sum less than $50, and the court
for want of jurisdiction gave judgment for the defendant, is no evidence
of the former recovery of the debt due from the defendant to the
plaintiff, nor can it operate as a bar to another action for the same debt.

Schindel *vs.* Suman.

APPEAL from the Circuit Court for Washington county.

This was an action brought by the appellee against the appellant on the 6th of July 1857, for money payable by the defendant to the plaintiff, for work done and materials furnished, money paid, and money due on an account stated.

The defendant pleaded 1st, not indebted as alleged; 2nd, payment; and 3rd, "that at the Circuit court for Washington county, at its November term 1856, the plaintiff, upon trial had in an action of the said plaintiff against the said defendant, upon the same cause of action in said declaration in this cause mentioned, obtained a verdict against the defendant for $40 damages, whereupon the said court rendered judgment for the defendant for his costs only, and that said judgment is still a subsisting judgment for such costs."

The plaintiff joined issue upon the 1st and 2nd pleas, and demurred to the 3rd, upon the grounds; 1st, that the verdict obtained by the plaintiff on the former trial was for an amount under the jurisdiction of the court, and, therefore, a judgment on the verdict of the plaintiff could not be rendered for want of jurisdiction in the premises, and, therefore, a judgment for the defendant for his costs only was entered, which does not preclude the plaintiff from a recovery in this action; 2nd, that there was no judgment rendered on the same cause of action declared on in this case by any court of competent jurisdiction, and that the Circuit court for Washington county, upon the verdict rendered for the plaintiff, as alleged in said third plea, had no jurisdiction to render any valid or legal judgment to preclude the plaintiff from recovery on the same cause of action in this suit; and 3rd, that it appears from the allegations of said plea, that there was no valid judgment rendered by the Circuit court for Washington county, on the same cause of action declared on in this case, whereby the plaintiff is estopped and precluded from recovery in this action.

The defendant joined in demurrer, by alleging that the third plea, as pleaded, is good in substance.

The court, *(Perry J.,)* sustained the demurrer, and adjudged the plea to be insufficient to bar and preclude the plaintiff from recovering, and from this judgment on demurrer the defendant prayed an appeal.

By an agreement the record was amended, so as to show that the issues of facts were tried, and a verdict and judgment rendered for the plaintiff for $165 and costs.

The cause was argued before Le Grand, C. J., Eccleston and Bartol, J.

*Harbine, Hamilton* and *Smith*, for the appellant.

1st. The same cause of action having been once fully and fairly tried between the same parties in the same court, that should be final and conclusive: *Interest reipublicæ ut sit finis litium;*" and "*Nemo debet bis vexari pro una et eadem causa.*" *Broom's Legal Maxims,* 131, 135.

2nd. The case of *Offutt vs. Offutt,* 2 *H. & G.,* 178, is not applicable, because there the former judgment was not pleaded in bar, but given in evidence under the general issue of *non assumpsit,* and the court in that case say, (page 181,) "it is made a question, whether the record of this proceeding *thus conducted,* and thus eventuating, is a bar to a recovery in the present action, or can be given in evidence as such." The record sought to be given in evidence was not the same in the subject matter as the case reported, for the tacked account had not been an object of controversy in the former suit. The judgment for the defendant in the former action, for costs, was not in effect a judgment of *non pros.* The Act of 1835, ch. 201, sec. 4, was passed since the decision of *Offutt vs. Offutt,* and it requires such a judgment, where the verdict of the jury is for a sum below the jurisdiction of the court, and takes this case out of the rule applicable to cases of ordinary *non pros.,* and to the case of *Offutt vs. Offutt.*

3rd. It was competent for the jury to find the amount due the plaintiff, though, as that sum was below the jurisdiction of the court, no judgment could be entered up for it. Now, the sum due the plaintiff being, by the jury on the former trial, ascertained to be less than $50, no action could be maintained for it, or upon the same subject matter in the Circuit court. The verdict of the jury fixed the jurisdiction of the court, and the judgment must pass. As a full trial was had, and the jurisdiction fixed by the verdict of the jury, and the

Schindel *vs.* Suman.

judgment of the court rendered as required by the acts of Assembly upon such a finding. It is a conclusive bar in this cause under the pleadings. See 7 *Md. Rep.*, 254, *Ott vs. Dill.* 3 *Gill,* 248, *Carter vs. Tuck.*

*Richard H. Alvey,* for the appellee—

Moved the court to dismiss the appeal, because the same was taken from a judgment on demurrer, and not from the final judgment in the cause, and in support of this motion referred to the case of *Wheeler, et al., vs. State, use of Bateman's Adm'rs,* 7 *Gill,* 33, and *Boteler & Belt vs. State, use of Chew's creditors,* 7 *G. & J.,* 109.

He then argued, that if the appeal could be entertained, the question made by the plea and demurred to, admits of no discussion. The plea states the amount of the former verdict to be $40, a sum less than sufficient to sustain the jurisdiction of the court. What legal proposition can be plainer, than that where a court has no jurisdiction it can render no valid or effective judgment? If the court had even proceeded and rendered judgment on the verdict for the plaintiff, for the $40, such judgment would have been a simple nullity, and without the least force to conclude the plaintiff in another action. But there was no judgment whatever rendered upon the verdict. The parties were simply dismissed for want of jurisdiction to determine their controversy, the defendant taking judgment for his costs. The matter in litigation was left altogether unadjudicated, undisposed of by judgment for want of jurisdiction to render a valid and binding judgment. The judgment relied on, and pleaded as a bar to this action, is that for the defendant's costs only. Upon what principle can such a judgment be made a bar to this action? The case of *Offutt vs. Offutt,* 2 *H. & G.,* 178, is in all particulars conclusive of this, if it required authority for a matter so plain.

BARTOL, J., delivered the opinion of this court.

The amendment of the record in this case shows, that upon the trial of the issues of fact, in the Circuit court, a final judgment was rendered against the appellant.

40    v. 13.

This distinguishes the case from the principal decided in' 7 *Gill,* 33, *Wheeler vs. State, use of Admr's of Bateman.* The motion to dismiss the appeal must be overruled. The case being properly before us, the only question for our decision arises upon the demurrer to the third plea. This question is identical with the one decided by the former Court of Appeals, in 2 *Harris & Gill,* 178, *Offutt vs. Offutt.* There it was held, that "the record of an action of *assumpsit* between the same parties, in which the jury assessed the plaintiff's damages at a less sum than $50, and the court for want of jurisdiction gave judgment for defendant, treating the verdict as a nullity, is no evidence of the former recovery of the debt due from the defendant to the plaintiff, nor can it operate as a bar in another action for the same debt."

To avoid the effect of that decision, the appellant has referred to the 4th section of the act of 1835, ch. 201, which altered the legal effect of such a verdict. But, by the act of March session 1841, ch. 64, sec. 1, the act of 1835, ch. 201, was repealed, so far as relates to Washington county, leaving the law, in this respect, where it stood at the time of the decision of *Offutt vs. Offutt,* which we regard as conclusive of the present case.

*Judgment affirmed.*