## JULIAN O. ELLINGER AND CLARENCE M. ELLINGER *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Appeal—Delay in Transmission of Record—Filing Amended Declaration After Demurrer to Original Declaration—Review on Appeal.*

When it appears from the affidavits filed that the failure to transmit the record on appeal within the time prescribed was not attributable to the fault of the appellant, the appeal will not be dismissed.

When, under leave to amend a declaration after demurrer thereto is sustained, the plaintiff files an entirely new declaration complete in itself, then an appeal from a judgment rendered under issues joined on the amended declaration does not bring up for review the ruling of the Court on the demurrer to the withdrawn declaration.

Appeal from the Superior Court of Baltimore City.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*William A. Fisher* and *James Piper* for the appellants.

*John V. L. Findlay, City Counsellor,* for the appellee.

JONES, J., delivered the opinion of the Court.

In this case a motion has been submitted upon the part of the appellee to dismiss the appeal based upon two grounds.   First, that the transcript of record was not sent up to this Court within three months from the date of the appeal taken.   Secondly, that the record here presents no question for the consideration of the Appellate Court.   The first ground of the motion is disposed of by the affidavits produced by the appellants and made by the Clerk of the Superior Court, from which this appeal comes, and his deputy which, in the absence of countervailing evidence, are sufficient to exonerate the appellants from fault in the delay of the transcript of record.   *Bixler* v. *Sellman,* 77 Md. 494; *Brown* v. *Ravenscraft,* 88 Md. 216; *Baldwin* v. *Mitchell,* 86 Md. 379.

In considering the second ground of the motion a scrutiny of the record will be requisite.   That shows the action in this case to have been begun below by the appellants on the 12th day of August, 1895, when they filed in the Superior Court the titling.   Thereafter they filed their *narr.* consisting of a single count and concluding with a claim of $10,000 damages.   To this the defendant (appellee here) pleaded the general issue and issue was joined. Thereafter the plaintiff with leave of the Court amended the declaration by filing what are styled in the record "first and second additional counts."   To these last-named counts the defendant demurred.   On July 19th, 1898, the entry appears in the record as an order by the Court " that the demurrer to the *narr.* in this case be and the same is hereby sustained, with leave to plaintiffs to file an amended *narr.*"   On the 29th of September, 1898, the plaintiffs filed what appears in the record " *eo nomine* " as an " amended declaration" which in its structure is a complete *narr.* with

the usual formal commencement of suit, containing six counts numbered consecutively from 1 to 6 and concluding with the claim of $6,000 damages. To this declaration the general issue was pleaded, followed by a joinder of issue. Afterwards this plea was withdrawn and a demurrer was entered to the *narr.*, which being overruled, the defendant pleaded the general issue and limitations. These pleas went to issue and upon the issues so joined the case was tried, and the verdict and judgment being in favor of the defendant, the plaintiffs appealed. The record contains only the pleadings to which reference has been made and the entry of the verdict and judgment; and the question presented upon the motion under consideration is, does the appeal here bring up for review, as the plaintiffs claim it does, the ruling of the Court below on the demurrer to the two additional counts added by amendment to the original *narr.?* This question must be determined adversely to the contention of the appellants. From what is disclosed by the record the plaintiffs' must be held to have abandoned their case as made by the original *narr.* and to have waived their right of appeal, or rather not to have put themselves in a position to appeal from the adverse ruling of the Court upon the demurrer thereto. They did not submit to judgment upon the demurrer nor did they simply amend the original *narr.* as to the matter which the Court had found obnoxious to the demurrer, nor did they attempt to incorporate new matter into the original pleading by way of adding additional counts thereto ; but proceeded upon the leave of the Court which accompanied its ruling, here in question, to file an entirely new declaration complete in itself, presenting throughout a condition of case, as a basis of suit, materially variant from that set out in the original *narr.* and concluding with a new and different claim of damages. It is apparent that the amended declaration was an entire substitution for the original *narr.* and that the trial of the case proceeded, and the issues, both of law and fact, were determined entirely with reference to the state of

pleading beginning with and following the filing of the
" amended declaration." The amendment by way of the
" amended declaration " was pleading *de novo* which with-
draws from the case the pleadings for which the new plead-
ing is substituted, according to repeated decisions of this
Court. *Mitchell* v. *Williamson,* 9 Gill 71; *Norwood* v. *State,*
45 Md. 68; *Lake* v. *Thomas,* 84 Md. 608; *2 Poe's Plead. &
Prac.,* sec. 189.

It is true as urged on behalf of the appellants that where
there are questions upon demurrer and also issues of fact
involved in the trial of a case and the demurrer is deter-
mined adversely to the party appealing and the verdict
and judgment are also against him on the issues of fact,
an appeal from the final judgment brings up for review the
ruling on the demurrer. The rule is so stated in *1 Poe's
Plead. & Prac.,* sec. 707, and its application is illustrated
in the cases of *Lawson* v. *Snyder,* 1 Md. 77; *Tucker* v.
*State,* 11 Md. 322; *Schindel* v. *Suman,* 13 Md. 310;
*Avirett* v. *State,* 76 Md. 510. These were all cases,
however, which were tried and went to final judgment
upon the original pleadings and presented, when they
came to be reviewed on appeal, no question as to with-
drawal of pleadings by amendments made or as to the state
of pleadings upon which the cases were tried. In the case
of *Gardiner* v. *Miles,* 5 Gill 94, the defendant, after having
twice amended his pleas and pleaded anew, again, upon
leave, so amended by filing two pleas, to the first of which
the plaintiff joined issue and to the second demurred. The
defendant then obtained leave to amend and filed pleas
numbered 3, 4 and 5, as additional pleas. Judgment being
against the plaintiff, he appealed, and it was held that the
defendant in making his last amendment had not withdrawn
the 2nd plea of the next preceding pleading, but this was
put upon the ground that the last amendment was a part
of the last preceding pleading, and having been so indi-
cated by the defendant by filing his pleas by numbering
and designation as additional pleas, the intention was shown

not to withdraw the preceding pleading but to incorporate the amendment with it as a part thereof. The case most in point in its application to the question here under consideration is that of *Stoddert* v. *Newman*, 7 Harr. & John. 251, where the plaintiff having demurred to one of the pleas of the defendant, the demurrer was overruled and leave was afterwards given to the plaintiff to amend whereupon he filed, as was done in this case, a new declaration upon which issues were made up and the case tried. The verdict and judgment being against the plaintiff, upon appeal by him it was insisted that the ruling upon the demurrer, (judgment on the demurrer, which appears to have been entered, not having been stricken out) was open for review but the Court said that the judgment on the demurrer did not appear " to be embraced in the appeal taken in the case by·the plaintiff," and gave the reason that "subsequent to its being pronounced, all the pleadings that led to the demurrer underwent an amendment on his motion, which would hardly have prevailed, if a design of appealing had then been avowed by him. Indeed his very motion to amend implied his acquiescence in the Court's decision and is to be considered a waiver of his right of appeal if it could be·exercised after the pleadings anterior to the demurrer had given place to the new or amended pleadings." According, therefore, to what has been indicated by this Court as the correct rule of practice in cases involving amendment and change of pleadings the ruling of the Court below upon the demurrer in this case is not brought up on this appeal for review here, and there appearing no other question in the record for the consideration of this Court, the motion of the appellee must prevail and the appeal will be dismissed.

*Appeal dismissed.*

(Decided February 15th, 1900).