CYRUS H. BRETT *versus* DANIEL MARSTON & *als.*

Where one, not the payee of a note, at its inception signed on the back of it, under the words "holden on the within," he thereby became a joint promisor with the other makers of the note.

An erasure of his name *by mistake* does not discharge him.

Where a nonsuit had been entered in an action upon a note, a second suit instituted on the same note will not be affected thereby, unless it appear that such entry of nonsuit was a decision upon the validity of the note.

A traveling pedler, (without license,) when not engaged in that business, may make a valid sale and delivery of goods.

THE three defendants are declared against as original promisors of a note, dated May 30, 1850, for $200, payable in lumber on demand.

The action was commenced May 21, 1856, and tried before HATHAWAY, J., at the October term, 1857. The verdict was for plaintiff. The case comes before the full Court on EXCEPTIONS taken by the defendants.

The note was signed "Marston & Tilton, by C. A. Mars-

ton," and said C. A. Marston signed his own name upon the back of it.

It appears, by the bill of exceptions, that, at the trial, " it was proved that at the date of the note, and for some time previous, the defendants, Daniel Marston and Jacob Tilton, were co-partners in business under the name and firm of Marston & Tilton, and that the defendant, C. A. Marston, was in their employ in their store as clerk or agent. When the note was made, it was signed by defendant (C. A. Marston,) on the back thereof, in these words: " Holden on the within, C. A. Marston," which words appeared to have been partially erased. Payment of the note was duly demanded before the commencement of this action.

" There was much evidence in the case concerning the authority of Charles A. Marston to sign the name of the firm of Marston & Tilton to the note, upon which subject the jury were properly instructed by the Court."

E. Kempton, introduced by plaintiff, testified that he commenced a suit upon this note, and also a suit upon a note for $100 in favor of Reuben B. Dunn, payable as this is; that he was authorized by Dunn to release C. A. Marston in his suit, to make him a witness; that the two notes were together in his pocket; that he took out this note and erased the name of C. A. Marston, supposing it to be the other note; that he had no authority to erase it and that it was done by mistake; and there was evidence in the case, from which defendant argued to the jury, that they would be authorized to believe it was erased intentionally, and not by mistake.

The Judge instructed the jury that, if the name of C. A. Marston was intentionally erased from the note in suit, by plaintiff or Kempton, his attorney, such erasure would be a discharge of C. A. Marston, and this action could not be maintained. But if, without any intention to do so, Kempton, by mere accident, erased the name of C. A. Marston from the note, such accidental erasure would not affect the validity of the note or the liability of the parties who signed it; and they would treat it precisely as if the erasure had not been made.

It was proved that the consideration of the note sued, was $40 or $50 worth of boots and shoes, gold and silver watches, and silver spoons to make up the amount of $200, which went into defendants' store, as testified by the plaintiff Brett, who was introduced by defendants, who also testified. that he was agent for Dunn in collecting debts due for scythes, &c., that he had previously sold some watches to one Elliot, a dealer in Farmington, and $100 worth to C. A. Marston, and had sold to no others; that when he sold the $100 worth to C. A. Marston, he, (Marston,) wanted to buy the articles, (the consideration of the note in suit,) and pay in lumber for them; that he told Marston he would ask Mr. Dunn about it, and that he did inquire of Dunn, and Dunn assented to it; that Dunn kept a store at North Wayne, and, agreeable to Marston's request, he carried the property to Mt. Vernon to Marston for which the note in suit was given, and that the articles all went into defendant's store; that the note was Dunn's property and the articles for which it was given.

Defendants contended, in argument, that Brett, who had no license, was traveling about from town to town, and place to place, pedling out goods in violation of law, and that such sales were void, and, if such articles so sold constituted a part or the whole of the consideration of the note, the plaintiff could not recover.

The Judge instructed the jury that plaintiff had no legal right to travel about from town to town, or from place to place, for the sale of such goods, without being duly licensed therefor, and if the goods, for which this note was given, were thus sold by Brett, traveling from place to place, or town to town for that purpose, the action could not be maintained.

But if Brett made a contract, in pursuance of which the exchange of the boots and shoes, watches and spoons, was to be made for the lumber, and, in fulfillment of that contract, the articles were brought and delivered and the note given therefor, the note will be valid, and that it would be immaterial, in this case, whether or not Brett had been in the habit

of pedling to other persons or not, provided this transaction was a legal one.

It appeared in evidence that an action had been brought by plaintiff upon this note, in the District Court in Kennebec county, against two of the defendants, Daniel Marston and Tilton, and the note used in evidence as it now is, and that the action was carried to the Supreme Judicial Court, and plaintiff was nonsuited.

· The Judge presiding instructed the jury fully concerning the various matters of law presented by the case. To which instructions no exceptions were taken, and which are not reported in the bill of exceptions.

And, after he had closed his charge to the jury, the counsel for defendants requested him to give the following instructions, to wit:—

1. That if the plaintiff, in this case, traveled from any other town or place to Mt. Vernon for the purpose of selling articles of jewelry, or any articles not manufactured in this State, having no license therefor, and did sell the same, it was an illegal transaction, and, if the jewelry or goods so sold form any part of the consideration of the note in suit, the note is void.

2. Conversation with Charles A. Marston at Farmington about a trade would not constitute a contract. Where neither the quantities, kinds nor prices of the articles were agreed upon, but to be fixed by the parties subsequently, it would be no contract.

3. Also, if the plaintiff in this case prosecuted a suit on this note against Daniel Marston and Jacob Tilton, and, when a trial was had on the same, presented the note and tried it with the names of Daniel Marston and Jacob Tilton upon it, and when, in the said trial, it would have been a defence to that action if the name of Charles A. Marston had appeared as one of the makers, the plaintiff should now be estopped from restoring his name, and claiming to recover against him in this action.

4. If the erasure was by mistake, still, if the counsel let the erasure remain and used him as a witness at the other trial, it makes the erasure valid, even if originally made by mistake; the subsequent use of the erasure for his own benefit by the plaintiff, in the trial of his case, would be a ratification of it.

Which requested instructions the Judge refused to give any further than they are embraced in the instructions he had previously given.

*S. Belcher* argued in support of the exceptions.

*J. S. Abbott, contra.*

The COURT sustained the rulings and instructions of the Judge at *Nisi Prius,* and ordered an entry of

*Exceptions overruled.*