## John Truby et al., Plffs. in Err., *v.* J. H. Palmer et al.

---

### Same *v.* Same.

---

### Appeals of Allen et al.    (Two cases.)

In a lease which declares that the land shall be occupied and worked for petroleum, rock, or carbon oil, and shall not be occupied or used for any other purpose whatsoever; and that if no oil is found in paying quantities without four years the lease shall be null and void,—"oil" is not synonymous with "gas," and accordingly the production of gas alone will not satisfy the conditions of the lease.

(Decided October 4, 1886.)

Error to the Common Pleas of Warren County to review judgments discharging rules to set aside writs of habere facias possessionem upon judgments in ejectment entered for the plaintiffs on warrants of attorney.    Affirmed.

Appeals from decrees of the said court, discharging rules to show cause why the said judgments in ejectment should not be opened or stricken off.    Affirmed.

These were two amicable actions of ejectment, by J. H. Palmer and others against John Truby and Allen & Company,

---

Cited in Palmer v. Truby, 136 Pa. 556, 563, 26 W. N. C. 516, 20 Atl. 516. Where the lessees here dispossessed were held to have no right to reimbursement for moneys expended from the proceeds of the gas secured.

in which on April 4, 1884, judgments were confessed by virtue of general powers of attorney contained in two oil leases, one of the north half and the other of the south half of the same tract of land.

With the exception of the parts of the tract to which they related, and their dates, one May 7, 1881, the other January 10, 1883, the leases were identical in terms.

By each instrument the plaintiffs leased to the defendants the land described in it, reserving the right to use the land for agriculture or any other purpose not interfering with the operations of the defendants, for the term of twenty years, provided the covenants, agreements, and stipulations therein contained were faithfully kept and performed, for the exclusive purpose of occupying and working for petroleum, rock, or carbon oil.

Each lease contained the usual provisions for using timber, drawing casings, plugging, payment of taxes, location of wells near boundaries, keeping records of wells, inspection by the plaintiffs, notification to the plaintiffs when oil-bearing sand was expected, commencement of operations within thirty-five days and employment of sufficient labor and material. It was also stipulated that:

"If no oil is found in paying quantities within four years from this date, this lease shall be null and void; but the parties of the second part or those claiming under them, to complete and test at least one well each and every————from the completion of the first well above stipulated to be put down, should said first well prove to be without oil in paying quantity."

Then followed a covenant for the payment of royalty.

The lease concluded with the usual agreement that a failure to comply with any of the covenants, agreements, or stipulations therein contained, should forfeit the lease, and the same should become null and void; and that the parties of the second part thereby authorized the bringing of suit in ejectment against them, the entry of an appearance for them, and the confession of a judgment against them for the land described in the writ, with the same force and effect as upon service of a writ in ejectment, verdict, and judgment; and that upon judgment so entered, writ or writs of possession might issue at once with

fi. fa. for costs, and without stay, thereby waiving and releasing all errors therein.

Upon the filing of copies of the leases, and written confessions of judgment which contained averments, supported by affidavit, that the defendants had failed to comply with the covenants, agreements, and stipulations contained in the leases (the first well drilled not being an oil-producing well and the defendants not sinking a second one) judgments were entered. Writs of habere facias possessionem at once issued; whereupon, the defendants obtained rules to show cause why the writs should not be set aside and the judgments opened.

Pending these rules the defendants obtained also rules to show cause why the judgment should not be stricken off. At the hearing of the rules the following facts appeared:

In November, 1882, while drilling the first well at the depth of about 1500 feet, a very large gas vein was struck. The flow of gas was so strong, however, that no torpedo could be exploded in the oil-bearing sand rock, to test the capacity of the well for producing oil, on account of the great danger in lowering the shell.

The lessees were hopeful that the gas might soon exhaust itself, as had often been the case in such wells, and that this well might become a paying producer. In the meantime they made an arrangement to utilize the gas, so that it might become a source of profit to both parties. They accordingly made a contract to sell a certain amount of gas, payable monthly, and in December received the first payment, and at once reported to the plaintiffs what they had done, and proposed to do, and paid Mr. Palmer his royalty of one eighth, in accordance with the terms of the lease; and he approved what they had done, and accepted the same each month, and receipted for the moneys as royalty until June, 1883, when he declined to receipt for any more.

The defendants drilled a well on the tract of land covered by the second lease which proved also a gas well and thereafter they made no more efforts to obtain oil.

The court discharged all the rules.

The defendants took these writs, assigning as error the re-

fusal of the court to set aside the execution; and also appealed from the decrees of the court discharging the rules to show cause why the judgment should not be opened or stricken off.

*Chas. Dinsmoor, Roger Sherman,* and *S. T. Neill,* for plaintiffs in error, and appellants.—There can be no presumption prima facie that the lessee has been guilty of a violation of a covenant in the lease. The presumption is the other way. Adams, Eject. *317.

Taking the blank in the lease, to have been intended for the word "year," and conceded to the plaintiffs below the right to amend by insertion of the word "year," without which the original judgment had nothing to support it (which right to amend we deny), and they still have to meet the following fatal objections to their judgment:

There is no averment that the first well was then or is now completed, or that the same has not been put down in the shortest possible time.

There is no averment that the four years' time, given by the terms of the lease, for obtaining oil in paying quantities, have elapsed, and it affirmatively appears by the lease that they have not elapsed.

The terms of the power of attorney require the bringing of a suit in ejectment and the issuing of a writ, which has not been done.

The 12th section of act of March 21, 1806 (1 Purdon's Digest, 635, pl. 1), seems to require the issuing of a writ of ejectment in every case, and to be mandatory.

Execution could not issue without leave of court. Shaw v. Bayard, 4 Pa. 257; Connolly v. Miller, 95 Pa. 513.

The issuing of execution to put the tenants out of possession of the demised premises, on the bare allegation of a forfeiture claimed by their landlords, unsupported by anything except the mere averment of record, by their attorneys, is contrary to the spirit and purpose of the statute of 8th and 9th William III. chap. 11 (Rob. Dig. 142).

It is true this statute was held not to apply to judgments entered on warrant of attorney to secure the payment of money

in several instalments. Longstreth v. Gray, 1 Watts, 63 and many other cases, down to Templeton v. Shakley, 107 Pa. 377.

But in every case in this state where it has been so held, the bonds or obligations were simply for the payment of money.

Where the right to issue execution upon a judgment depends upon the existence of a fact or the performance of some collateral act, the existence of that fact or the performance of the act must be judicially determined before execution can issue. Adams v. Bush, 5 Watts, 289; Montelius v. Montelius, Brightly (Pa.) 79; Holden v. Bull, 1 Penr. & W. 460; Harger v. Washington County, 12 Pa. 251.

In an action on a replevin bond, with warrant to confess judgment, a scire facias quare executio non must be issued. Curtis v. Kearney, 2 Pittsb. 87; Magill v. Higgins, 2 Pittsb. 107.

Error lies to this court to the refusal of the court below to set aside the execution. Jones v. Dilworth, 63 Pa. 447; Pontius v. Nesbit, 40 Pa. 309; Holden v. Bull, 1 Penr. & W. 460.

*W. W. Wilbur* and *R. Brown,* for defendants in error, and appellees.—Where a lease is upon condition, the burden is on the lessees of showing performance.

The citations to Adams on Ejectment, by the plaintiffs in error, have no application to leaseholds in Pennsylvania, for the reason that no entry is necessary to enforce a forfeiture. Sheaffer v. Sheaffer, 37 Pa. 525; Davis v. Moss, 38 Pa. 346.

The plain import of the averments is that the first well on each tract proved to be without oil in paying quantities when completed, and that a second well was not completed and tested in one year from the completion of the first as required by the terms of each agreement.

Although the 12th section, act March 21, 1806, seems mandatory that a writ must be issued in every case, yet it was decided in Massey v. Thomas, 6 Binn. 333, that an amicable action of ejectment is good, although the act prescribes the form of the writ of ejectment and says it shall not be otherwise.

The cases of Shaw v. Bayard, 4 Pa. 257, and Connolly v. Miller, 95 Pa. 513, cited by the counsel as sustaining the position that the habere facias could not issue except by leave of the court, apply only to conditional verdicts in ejectment.

The writ may issue at once, without leave of the court. A writ of sci. fa. is unnecessary, and it was not intended by the parties when they executed the leases that one should issue before the habere facias.

The statute 8 and 9 William II. chap. 11, § 8 (Rob. Dig. 142), neither in terms nor by the decisions of this court applies to cases where judgments are entered by warrant of attorney. Jones v. Dilworth, 63 Pa. 447; Skidmore v. Bradford, 4 Pa. 296; Reynolds v. Lowry, 6 Pa. 465; McCann v. Farley, 26 Pa. 173.

As to the proof requisite to reform the second lease by changing the word "oil" into "gas," the only evidence given falls far short of the requisites to change the agreement. It shows no fraud or mistake, and is not of that clear and convincing kind of evidence which this court has uniformly ruled necessary for that purpose. Besides, the testimony of one party is flatly denied by the other party without the evidence equivalent to another witness; hence the facts he states are not proven. Sower v. Weaver, 78 Pa. 443; Penn Iron Co. v. Diller, 1 Sad. Rep. 82.

PER CURIAM:

These four cases were argued together. They are based on the same original transaction. That is a written lease dated May 7, 1881. It expressly declares the property "shall be occupied and worked for petroleum, rock, or carbon oil, and shall not be occupied or used for any other purpose whatsoever." And "if no oil is found in paying quantities within four years from this date, this lease shall be null and void."

Oil was not so found. It would be a clear perversion of language to hold that gas and oil are synonymous terms. The evidence is insufficient to prove that the word "gas" was omitted from the lease through fraud, accident, or mistake. The doctrine of equitable estoppel is not applicable to the facts proved.

There is no error in the judgments nor in the decrees; therefore, judgments and decrees are severally affirmed and the appeals are dismissed, at the costs of the respective appellants.