JOHN T. C. BANKS and Wife vs. McCOSKER & MOLLOY; JAMES H. PARKER and Wife vs. Mc-COSKER & MOLLOY.

*Bills and Notes—Fraud in Obtaining Note—Defences of Maker—Contracts in Violation of Statute—Sales by Unlicensed Pedlar—Evidence—Pleading—Signatures of Parties to Negotiable Instrument Sued on not Denied in the Pleadings.*

In an action by an endorsee of a promissory note against the maker the defendant may show, under the general issue plea, that the note sued on was obtained by the fraud of the payee, and that the plaintiff took the same with notice thereof.

But a plea setting forth that such note was procured by the fraud of the payee is open to demurrer, because it does not also allege that the plaintiff took the note with knowledge of the fraud.

If it be shown that the promissory note sued on by the endorsee was obtained by the fraud of the payee, then it is incumbent upon the plaintiff to show that he took the note before maturity for a valuable consideration, and without knowledge of the fraudulent origin of the note.

In such case, in order to prove that the payee of the note had obtained the same by fraud, it is competent to ask the maker to state the circumstances under which he signed the note.

A statute provides that hawkers and pedlars shall take out licenses before making sales, and a fine is imposed in general terms for a violation of the law. *Held*, that all contracts made by unlicensed pedlars are not made illegal, since the object of this statute is to raise revenue, and that the price of goods sold by a pedlar not licensed as required may be recovered by action.

In offering his evidence, a party is not required to follow any particular order of proof.

In an action on a negotiable instrument, if the signature of a maker or payee is not denied by plea, it is taken to be admitted by virtue of Code, Art. 75, sec. 23, sub-sec. 108. The general issue plea filed by the defendant is not such a denial as is contemplated by the statute.

Appeal in the case of *Banks* v. *McCosker & Molloy*, from the Circuit Court for Prince George's County. Action by

the appellees, endorsees of a promissory note, against the appellants as makers thereof. The defendants eighth and ninth pleas were as follows: " The defendants, for an eighth plea, say, that the said P. O'Brien obtained the note, or cause of action sued on in this case, in the course of an illegal sale of goods, wares and merchandise by him to them, he being then and there engaged in the business of peddling said goods, wares and merchandise in Prince George's County, State of Maryland, with a wagon drawn by two horses, without having taken out a license for that purpose or business as required by law, and under such circumstances offered to sell and did sell to them said goods, wares and merchandise, as aforesaid, in said county.

And for a ninth plea the defendants say, that the said P. O'Brien obtained the note, or cause of action sued on in this case, in the course of an illegal sale of goods, wares and merchandise by him to them, he being then and there engaged in the business of peddling said goods, wares and merchandise in Prince George's County, State of Maryland, with a wagon drawn by two horses, without having taken out a license for that purpose or business as required by law, and under said circumstances offered to sell and did, sell to them, as aforesaid, prior to the consummation of said sale, stating to them that his license expired that day, that he would give them four months credit on said sale, and that in the meantime they could sell said goods, wares and merchandise so offered to them, in their neighborhood. They, the defendants, then and there being and living in said county, and not engaged in any business of selling goods, wares and merchandise, and not having a license to do so, which was known to said O'Brien.

The appellants' third exception was taken to the refusal of the Court below (BROOKE, J.), to instruct the jury that since the plaintiffs had offered no evidence legally sufficient to entitle them to recover, the verdict of the jury must be for the defendants.

The cause was argued before BRYAN, McSHERRY, FOWLER, BRISCOE, and ROBERTS, JJ.

*F. Snowden Hill*, for the appellants.

*R. Ford Combs*, for the appellees, submitted the case on brief.

ROBERTS, J., delivered the opinion of the Court.

This action was brought in the Circuit Court for Prince George's County by the plaintiffs, now appellees, to recover from the defendants, now appellants, the amount of a promissory note for the sum of $125, dated the 8th of May, 1894, which the appellees had, for value received, drawn payable four months after date to the order of P. O'Brien. Before the maturity of the note, the said O'Brien, for a valuable consideration, endorsed and delivered the same to the plaintiffs.    The appellants pleaded in their defence, first, the non-existence of the alleged partnership; second, *non assumpsit;* fourth, that the alleged promissory note was procured by the fraud of the payee in said note; fifth, that the said note was procured by the fraud of the said payee, who was agent of the appellants.    After filing said four pleas, the appellants filed two additional pleas, setting up the defence that the note sued upon had been obtained by O'Brien, the payee in said note, in the course of an illegal sale of goods, in that he was engaged in selling without having previously obtained a license for that purpose.

The 4th, 6th, 7th, 8th, 9th pleas were demurred to in the body of the record and among the docket entries is found this printed statement:  " 1895, Mch. 4th, pleas fd.    1895, Apl. 3, additional pleas fd., demurrer to 4 and 6 pleas, general issue to rest of pleas; joinder on demurrer and replication; demurrer sustained; judgment on demurrer submitted to the Court."

The record in its present form is scarcely intelligible.    It nowhere appears what disposition was made of the demurrer

to the 7th, 8th and 9th pleas, nor is there to be found in any part of the record a 6th or a 7th plea, yet the record says they were demurred to. This record is too imperfectly and carelessly gotten up to justify passing it by without comment. If a case is of sufficient importance to be brought here, it is the duty of those who have it in charge to see that the record is properly made up, and that it plainly and clearly presents the questions to be decided. It certainly is no part of the duty of this Court to indulge in speculation as to the meaning of records. Such a course could only be productive of very unsatisfactory results. It will not be necessary to make further reference to the 6th and 7th pleas mentioned in the record as having been demurred to, for the reason that they form no part of the record and are not to be found therein. The demurrer to the fourth plea was rightly sustained. It omits the material allegation that the plaintiff took said note with knowledge of said fraud.

But the Court in sustaining the demurrer to the fourth plea did not restrict the appellant's right of inquiring into the manner in which the note had been obtained. This he clearly could have done under the issue joined under the general issue plea filed. We are not entirely satisfied from the record that any demurrer to the 8th and 9th pleas was filed, but as the question has been fully discussed at the hearing in this Court, and is of importance, we will dispose of it. The question in its present form has never before been considered or passed upon by this Court. The facts material to the question are, that O'Brien, the payee, in the note sued upon, was engaged in peddling goods in said county, without having previously obtained a license authorizing him to do so, and it is alleged, that without having a license, he sold certain goods to the appellants. It is claimed by the appellants that such a contract is illegal, and cannot be enforced. There can be no kind of doubt about the fact that there is great diversity of *dicta* and decisions on this subject. But there are some general principles which run through nearly

all of the decisions, English and American, and in great measure declare the law to be in accordance with the views herein expressed.   As for instance when the question is, " whether a contract has been prohibited by statute, it is material, in construing the statute, to ascertain whether the Legislature had in view solely the security and collection of the revenue, or had in view, in whole or in part, the protection of the public from fraud in contracts, or the promotion of some object of public policy.   In the former case the inference is, that the statute was not intended to prohibit contracts, in the latter that it was."

And again in seeking for the legislative intent in the passage of the law, " it is material also to inquire whether the penalty is imposed once for all, on the offence of failing to comply with the requirements of the statute, or whether it is a recurring penalty, repeated as often as the offending party may have dealings.   In the latter case the statute is *intended to prevent the dealing, to prohibit the contract*, and the contract is therefore void ; but in the former case such is not the intention, and the contract will be enforced."   *Benjamin on Sales*, sec. 825.

The provisions of the Code now under consideration, are found in Art. 56, sec. 27–30, under the title of " Licenses," sub-title " Hawkers and Pedlars."   Section 27 reads as follows :  " No hawker or pedlar shall buy for sale out of the State, or buy to trade, or offer to trade, barter or sell within the State any goods, wares or merchandise, until he shall have first taken out a license for that purpose."   The other sections of the law provides for the apprehension and conviction of anyone engaged in selling without a license, and the imposition of a fine on anyone violating the law.   When the law declares the *consequence* of its violation, the contract can in no sense be regarded as illegal, unless the law itself either by its manifest intent or in express terms so declares it.   The provisions of the Code referred to neither directly nor indirectly refer to any consequences, save the payment of a fine for a violation of the law, and the failure to pay

such fine, so that it can only be regarded as a revenue meas-
ure, and does not affect the contract between an unlicensed
pedlar, and the purchaser of goods from him.    It will, how-
ever, be found to be a question depending in great part if
not altogether upon the phraseology of the particular statute
under consideration.    If the statute seeks only the collection
of revenue as ours clearly does, there can be no doubt as to
its purpose and meaning, but when, as already stated, it is
the design of the law-making power to protect the public
from fraud in the contract for the promotion of some object
of public policy, the contract is then prohibited.·    As sus-
taining the views herein expressed, see *Johnson* v. *Hudson*,
11 East, 180; *Smith* v. *Mawhood*, 14 M. & W. 463; *Ritchie* v.
*Smith*, 6 M. G. &. S. 474; *Jones* v. *Berry*, 33 N. H. 209;
*Brett* v. *Marston*, 45 Me. 401 ; *Justice* v. *Rowland*, 10 Phila.
(Pa.) 623 ; *Rahter* v. *Bank of Lancaster*, 92 Penn. 393;
*Mandelbaun* v. *Gregovich*, 17 Nev. 87 ; *Smythe* v. *Hanson*, 1
Mo. App. Rep. 382; *People's Bank* v. *Alabama G. S. R.
Co.*, 65 Miss. 365; *Haacke* v. *Knights of Liberty, &c., Club*,
76 Md. 438 ; *United German Bank, &c.*, v. *Katz*, 57 Md. 128.

We have been led to a somewhat extended consideration
of this subject in passing on the demurrer to the 8th and
9th pleas, and it results from what we have said that the
Court below in sustaining the demurrer committed no error.

There are three exceptions in the record, the first and
second of which relate to the testimony sought to be of-
fered, and the third to the refusal of the Court to grant the
appellants' instruction.    In the first exception, we think the
Court was clearly in error in refusing to allow the witness,
one of the appellants, to answer this question: "State the
circumstances under which you and your wife signed the
promissory note offered in evidence."    Counsel for defend-
ants following up the question, with a statement to the
Court that he proposed to prove the fraud by which O'Brien
had obtained the note.    The question being objected to,
the Court refused to allow the witness to answer it.    Under
the pleadings in the cause, the appellants had the undoubted

right to defend against a recovery by the appellees on the note sued on, upon the ground of fraud.   MR. CHIEF JUS-TICE ALVEY, shortly before he retired from this Court, in delivering the opinion in the case of *Griffith* v. *Shipley*, 74 Md. 599, said, " Fraud in the inception of the note being established by incontrovertible evidence, it was incumbent upon the plaintiff to show that the note came to him before maturity, *bona fide* and for value.   For even though he may have paid the full face value of the note, still, if he had knowledge at the time of the fraudulent inception of the note or of the want of consideration for the same, he would not be a *bona fide* holder, and could stand in no better posi-tion than the party from whom he obtained the note.   This is the settled doctrine in this State, as it is elsewhere. *Totten* v. *Bucy*, 57 Md. 446 ; *Williams* v. *Huntington*, 68 Md. 591. In *Stewart* v. *Lansing*, 104 U. S. 505, it was held by the Supreme Court, that the indorsee of negotiable paper which has a fraudulent or illegal inception must, in order to entitle him to recover thereon, prove that he is a *bona fide* holder thereof for value."·   This view of the law constitutes a com-plete summary of the doctrine properly applicable to the question of fraud in this case.   It is contended by the ap-pellees that the appellants did not prove or attempt to prove that the appellees had knowledge of any fraud alleged to have been practiced upon the appellants by O'Brien, the payee in the note.   So far as the record discloses, this is doubtless correct.   But the appellants in making their de-fence were not required to follow any particular order of proof, but were at liberty to begin their case with any such questions as were material and relevant to the issues joined. The question put to the witness was we think subject to no legal objection as to its form or substance, and we fail to recognize the force of the objection and think the Court erred in not allowing the question to be asked.  *Co. Commrs. Calvert Co.* v. *Gantt*, 78 Md. 286.   The same may be said . of the second exception.   The question which it submits is substantially the same, and the objection to it ought to have been overruled.

It is also contended by the appellants, that the failure of the appellees to prove the signature of O'Brien, the payee, in the note, was an omission fatal to their right of recovery in this action, and further that the provisions of Art. 75, sec. 23, sub-section 108 of the Code afforded them no relief. The provision of the Code just referred to is a codification of the Act of 1888, ch. 248, and is not entitled to the construction which is sought to be given to it by the appellants. The provision of the Code referred to reads as follows, sub-sec. 108: "Whenever the partnership of any parties or the incorporation of any alleged corporation, or the execution of any written instrument filed in the case, is alleged in the pleadings in any action or matter at law, the same shall be taken as admitted for the purpose of said action or matter, unless the same shall be denied by the next succeeding pleading of the opposite party or parties." When the note sued on was filed in this cause it had the signature of the payee endorsed thereon, and was the means by which the appellees obtained title to the note, and became thereby enabled to maintain this action, the payee's signature was then just as much a part of the instrument sued on as were the signatures of the makers thereof. If, therefore, the next succeeding pleading did not in terms deny the signatures of the makers and of the payee, the law says, "the same shall be taken as *admitted* for the purpose of said action or matter."

We think it very clear that the legal effect and meaning of the statute is that the *next succeeding pleading* must in terms deny the signatures of the maker, and of the payee as well, and we do not think the general issue plea is such a denial as the law contemplates. Before the passage of the Act of 1888, ch. 248, under issue joined on the general issue plea, the plaintiff had the burden cast upon him to establish the due execution of the note sued upon. Such being the case, what possible purpose could the Legislature have had in the passage of the Act in question, if not to relieve the plaintiff from the burden of proving the partner-

ship of parties, the incorporation of an alleged corporation or the execution of any written instrument filed in the case or alleged in the pleadings. The defendant can always, by the timely interposition of an appropriate plea denying such partnership, corporation or execution of a written instrument, place the burden of such proof upon his adversary.

In conclusion, it only remains for us to say that the Court below rightly refused to grant the appellant's instruction.

It follows from the views herein expressed that the judgment below must be reversed.

*Judgment reversed with costs, and
new trial awarded.*

(Decided March 24th, 1896.)

The appeal in *Parker and wife* v. *McCosker & Molloy*, was also from a judgment of the Circuit Court for Prince George's County, and was argued by *F. Snowden Hill* for the appellants, and was submitted on brief by *R. Ford Combs* for the appellees, in this case.

ROBERTS, J., delivered the opinion of the Court.

The facts of the preceding case are similar in all material respects to this case, save only that O'Brien had in this case, at the time of the sale of the goods to the appellants, a pedlar's license as required by law. In all other respects the cases are substantially the same. With the exception named, the views expressed in the preceding case are equally applicable here. For the reasons assigned in the previous case the judgment herein will be reversed.

*Judgment reversed with costs, and
new trial awarded.*

(Decided March 24th, 1896.)