## WM. F. M. McCARTY *vs.* JOHN F. HARRIS, ADMINIS- TRATOR.

*Action on Note Alleged by Defendant to have been Without Considera- tion—Instructions to the Jury.*

Appeal from the Baltimore City Court (RITCHIE, J.) *Af- firmed.*

Suit was brought by the administrator of Benjamin G. Harris against William F. McCarty on certain promissory notes made by the latter and payable to the plaintiff's dece- dent. The defendant pleaded never promised, never indebted and also specially that the notes sued on had been given by the defendant to Benjamin G. Harris, whilst Harris and the defendant were co-partners, and that the notes had relation to a partnership transaction which has not yet been consum- mated inasmuch as the affairs of the partnership have not been adjusted. Issue was joined on the first and second pleas; the third plea was traversed and upon this traverse an issue was framed. The case then went to trial; the signature to the notes was proved to be in the handwriting of the de- fendant, though that was unnecessary because the pleadings did not put that fact in issue. (*Code, Art. 75, sec. 23, sub-sec. 108*), and considerable evidence was adduced tending to show that the intestate and the defendant had been jointly engaged in an enterprise and that these notes had relation to and were the

outgrowth of that venture. There was also evidence tending to show that the notes had no connection with the alleged partnership at all, but concerned individual transactions. In this state of the evidence prayers founded on these contrary theories were presented. The Baltimore City Court rejected all the prayers on both sides and gave the following instructions of its own: "If the jury believe that the promissory notes sued on were given by the defendant to Benjamin G. Harris, the decedent, for money due to said Harris by him, or for money lent by said Harris to defendants, then the plaintiff is entitled to recover. But if the jury believe that no money was due by the defendant to said Harris, and that said notes were accommodation paper, given to said Harris in order that he might raise money on them for his own purposes, or for some enterprise in which both were jointly interested, then the plaintiff is not entitled to recover." To the refusal of the Court to grant the prayers of the defendant the latter excepted ; but it is not at all clear whether he also excepted to the giving of the instructions which the Court substituted for all the prayers. The only bill of exceptions in the record states that "the Court rejected each and all of the said prayers which were offered by defendant and gave instructions in lieu of said prayers ; to all of which rejection and modification of said prayers so offered by the defendant and each and every of them the defendant excepted," &c. The defendant's prayers were not modified by the Court but were rejected, and there is not a specific exception to the instructions given by the Court.

It is apparent that the whole law of the case was fairly submitted to the jury by the instructions which the Court gave. It was competent for the Court to reject all the prayers offered and grant instructions to the jury in its own language ; and where these are correct and cover the whole ground, the judgment will not be reversed, even though some of the rejected prayers might properly have been granted. *P. W. & B. R. R. Co.* v. *Harper*, 29 Md. 330. Every disputed question of fact was left to the jury. They were told if no money was due by the defendant to the intestate ; or if the notes

were accomodation notes given to raise money for the intestate's own use or for use in some enterprise in which both the intestate and defendant were interested, then the plaintiff was not entitled to recover. It became then the duty of the jury to determine what were the facts and they have done so. It is not within our province to inquire whether their conclusion was right or wrong. We cannot review the evidence or decide whether the verdict was in consonance with it or not. The rejected prayers, except the fourth, contained no legal proposition that is not included in the instructions which were given ; and therefore the refusal of the Court to grant those prayers caused the defendant no injury. The fourth prayer was faulty. It relates to the sixth count of the *narr.* The sixth count was itself defective, as were, in fact, all the common counts. The sixth count declared for money payable by the defendant to the plaintiff for money found to be due from the defendant to the plaintiff on accounts stated between them. The fourth prayer asked an instruction that the plaintiff could not recover on the sixth count because there was no evidence in the case that there ever was any account stated between Benjamin G. Harris and his personal representatives and the defendant. The sixth count was founded on an account stated between the plaintiff and defendant—not between plaintiff's *intestate* and the defendant—whilst the prayer relates to an account stated between the decedent *and* his personal representatives on the one hand and the defendant on the other. As we find no error in the rejection of the defendant's prayers and none in the instructions which clearly and concisely laid before the jury the whole law of the case, there is nothing further to be said and the judgment will be affirmed with costs. It is so ordered.

Opinion by McSHERRY, C. J., filed June 12th, 1901.

*Samuel S. Boggs,* for the appellant.

*David S. Briscoe,* for the appellee.