## NATHANIEL B. ABBOTT *vs.* JOHN S. BOWERS.

*Amendment of Declaration in Action on Promissory Note—Not Neces-*
*sary to Refile the Note—Admission of Execution of Note.*

Plaintiff brought a suit under the Practice Act against the endorser of a promissory note which was filed with the declaration. After general issue pleas by the defendant, the plaintiff, by leave of Court, filed an amended declaration but did not file anew the note. *Held*, that the note sued on was a part of the new declaration and the general issue pleas were an admission of its execution under Code, Art. 75, sec. 23, subsec. 108, which provides that whenever the execution of any written instrument filed in the case is alleged in the pleadings the same shall be taken as admitted unless denied by the next succeeding pleading of the opposite party.

Appeal from the Court of Common Pleas (HARLAN, C. J.)

The cause was submitted to the Court on briefs by:

*J. Cookman Boyd*, for the appellant.

*M. R. Walter* and *Wm. H. Bayless*, for the appellee.

PAGE, J., delivered the opinion of the Court.

On the 26th May, 1902, the appellee instituted suit to recover on the promissory note of the appellant for the sum of $2,250 to William Englar, endorsed by him to the appellee.

For the purpose of complying with the provisions of the Practice Act for Baltimore City (being Acts of 1886, chap. 184), the appellee, at the time of bringing the suit, filed with his declaration the affidavit required by the proceedure, the cause of action, being a promissory note, the protest thereon, and a notice to plead. On being summoned, the appellant appeared and filed two pleas, viz., never promised as alleged and never was indebted as alleged. Subsequently, the appellee by leave of the Court filed an amended declaration, but did not file anew the promissory note and accompanying papers. At the trial the only testimony offered by the parties was that on behalf of the appellee proving the signature of Englar, the endorser.

The appellant thereupon tendered the instruction that "there is no evidence in the case to warrant a verdict for the plaintiff and therefore the verdict of the Court must be for the defendant."

The Court declined to so rule and the appellant excepted and has appealed to this Court.

The appellant contends that the promissory note which was the cause of action was not properly in evidence before the Court.

The only information the record contains as to the form of the application and leave to amend is that set forth in the amended declaration itself. It is there stated that the amended declaration was filed by leave of the Court first obtained. There is nothing to show that the application or the leave granted was to plead *de novo*, as was the case in *Mitchell* v. *Williamson*, 9 Gill, 77, where under such circumstances it was held that the old pleas must be regarded as withdrawn on the filing of the additional pleas. Nor have we now the same conditions that existed in *Gardner* v. *Miles*, 5 Gill, 94, where, the leave being "to file additional pleas," it was held the original pleas were not to be regarded as withdrawn on the filing of the new pleas. Here the purport of the leave to be gathered from the statement contained in the new declaration, is simply to file an amended declaration. There is nothing to show that a new

declaration was to be filed in substitution of the old; but simply that the new declaration should be an amendment of the old. The new declaration must be regarded as an amendment. The appellee could have amended the declaration by an insertion of the words or by interlineation; instead of doing this he has chosen to make a fair copy with the amendatory words incorporated in it. Under these circumstances it cannot be held that the promissory note and papers are not in the case, and are not parts of the new declaration. If this be correct, there was no necessity for the appellee to offer evidence of the execution of the promissory note. As a part of the pleading, it was already before the Court and its execution had to be taken as admitted by virtue of the provisions of sec. 23, sub-sec. 108 of Art. 75, Code, P. G. L. The general issue pleas were the only ones tendered by the defendant, and these are not such as amount to a denial of the execution of the note within the meaning of the statute. *Banks* v. *McCosker*, 82 Md. 525. The judgment will therefore be affirmed.

*Judgment affirmed.*

(Decided January 22nd, 1904.)