His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Appellee moves to dismiss the appeal herein- on the ground that the appeal bond furnished herein is not signed by the surety set forth in said bond.
The bond is in the following words:
“Know all men by these presents, that we, 'Cyrille Babin, as principal * * * and Augustin Lasseigne, as surety * * * are held and firmly bound unto, etc. Now, therefore, the condition of the ¡above obligation is such that if the said above bounden Cyrille Babin shall prosecute his appeal * * * otherwise to be and remain in full force and virtue in law, and the said Augustin Lasseigne is to be liable in his stead.
(Signed) “Cyrille Babin.
“E. J. Caire.
“Witness:
“W. B. Hart. ”
In the case of Vigne vs. Brady, 35 A., 560, a motion was made to dismiss the appeal on the ground that there was no name of any surety in the body of the bond. The Court said:
“There is another signature at the bottom beneath Brady’s (the principal’s) viz: J. Cahier. It is in tli-e place where a surety signs. He does not sign as a witness. There are two witnesses to the instrument, and besides he has the L. S. immediately after his signature. No one but an obligor puts his name at the locus sigilli.”
In the case of Coyle vs. Succsn. Creevy, 34 A., 539, a. similar motion to dismiss an appeal was made on the *262 same ground and the.Court said, page 541, quoting Sue. of Lyons, N. R. O. Bk., 49,163:
“The bond recites that it is given as an appeal bond, and to secure the prosecution of the appeal, etc. It was received and filed by the clerk of the lower Court as ¡an appeal bond. The signature of ‘Devonshire’ (surety) is written immediately under those of the two principals where the surety should sign. An appeal bond presupposes and recites that there is a surety to sign it. We find the name of a person who is not one of the principals, signed to the bond where the surety should sign. He does not profess to sign as a witness. Indeed, does not sign on what may be called the witness side of the 'document. Appeal bonds are not usually witnessed and it is not essential that they should be. We think we are bound to presume that ‘Devonshire’ signed as surety and that a contrary conclusion violates all the probabilities of the case.”
In the case of Union Church vs. Civil Sheriff, 33 A., 1461, where a similar question was involved, the Court said:
“The bond is signed by the principal and under the name of the principal is the name of another purporting to be that of the surety. We had occasion to consider the ground of the insufficiency of the bond in the case of Patrick Coyle vs. Succession of McCreevy, where the same alleged irregularily existed, and in the judgment rendered on the rehearing in said case we held that it was not such an irregularity as would vitiate the bond.”
In Holden vs. Tanner, 6 A., 74, it was said:
“ It is true, the name of the surety is not mentioned in the body of the instrument, but it contemplates giving of a surety; those who sign as witnesses are *263 described as such; the two other parties who sign are principals, and it is plain that the third subscriber, Tanner, must have understood himself as signing as the contemplated surety.”
Opinion and decree, December 22nd, 1915.
See .also 1 Cyc., 974; 2 N. S., 517; 40 A., 609; 7 R., 542.
The bond under consideration is in one respect similar to those accepted in the above cases. The name of “E. J. Caire” is not in the body of the bond, but he has signed the bond; he has signed it under the principal, not as a principal nor as a witness, and therefore as a surety, because it was .an appeal bond where a surety was contemplated, and it must be presumed that he understood he was signing as such. The effect of the failure of Lasseigne to sign the bond was only to relieve him of the responsibilities of a surety but did not release Caire. The bond is therefore valid.
The right to appeal is constitutional and must be maintained in case of doubt.
It is therefore ordered that the motion to dismiss be denied.
Per Curiam.
This case presents the same questions involved in che matter of State, ex rel., Elfer vs. Parish Democratic Executive-Committee, et als., No. 6590 of our docket, this day decided, and for the reasons therein set forth,
The judgment herein is annulled and reversed and it is now decreed that there be judgment in favor of relator herein ordering and commanding the respondents herein to print and cause to be printed- the name of relator upon all ballots to be used and cast at the primary *264 election to be held in the Parish of St. John the Baptist on January 25, 1916, as a candidate of the Democratic Party for nomination to the office of Police Juror, "Ward 6, of said Parish, .and to certify relatoras name as such candidate to the Secretary of State of Louisiana; and it is further decreed that respondents pay the costs of both Courts.
Reversed.
Opinion and decree, December 22nd, 1915.