## FARMERS AND MERCHANTS NATIONAL BANK OF CAMBRIDGE *v*. AGNES H. HARPER.

*Additional Plea—Denial of Signature—Allowance by Court.*

Under Code, art. 75, sec. 28, sub-sec. 108, providing that when the execution of any written instrument filed in the case is alleged in the pleadings, it shall be taken as admitted unless it is denied in the next succeeding pleading of the opposite party, defendant in an action on a note, by filing general issue pleas, admitted the genuineness of the signature on the note, and she could not, after joinder of issue on the pleas, file additional pleas denying the signature, even though the court granted her leave to do so.                                    pp. 360-362

Code, art. 75, sec. 39, authorizing amendments of the proceedings in an action at law, did not empower the court to grant leave to file such additional pleas, since the filing of such pleas would in effect nullify the statutory provision making failure to deny the signature in the next succeeding pleading an admission of its genuineness.                                    pp. 362, 363

*Decided June 29th, 1926.*

Appeal from the Circuit Court for Queen Anne's County (Wickes and Keating, JJ.).

Action by the Farmers and Merchants National Bank of Cambridge, Maryland, against Nathaniel B. Harper and Agnes Harper. From a judgment for the last named defendant, plaintiff appeals. *Reversed.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Walsh, JJ.

*A. Stengle Marine* and *W. Brewster Deen,* with whom were *Fred R. Owens, William J. Rickard,* and *J. H. C. Legg,* on the brief, for the appellant.

*T. Alan Goldsborough* and *W. Mason Sheehan,* with whom
were *E. H. Brown, Jr., Madison Brown,* and *Harper &
Horney,* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

On November 5th, 1920, in the Circuit Court for Caroline
County, the plaintiff, now appellant, entered a judgment on
a promissory note providing for judgment by confession
against Nathaniel B. Harper and the defendant (appellee
here), Agnes H. Harper. On July 9th, 1921, the appellee
filed a motion to strike out the judgment as to her, alleging
her signature to the note to be a forgery. After taking testi-
mony, and argument upon the motion, the lower court ordered
the judgment stricken out and the case placed on the trial
docket, reserving the lien of the judgment. The case was
first removed to Cecil County, and then to Queen Anne's
County, finally coming to trial at the November term of the
circuit court for that county. By the action of the court in
striking out the judgment by confession against the appellee
and placing the case on the trial docket, it left the declaration
standing, and the next pleadings in the course of arriving at
an issue between the parties were pleas on behalf of the
appellee. On May 16th, 1924, the appellee filed her pleas,
which were the general issue pleas, being first, that she never
promised as alleged; and, second, that she never was indebted
as alleged. On the 15th day of May, 1925, the plaintiff
joined issue as to the defendant's first and second pleas, being
the general issue pleas. Subsequently, on the third day of
November, 1925, by leave of the court, the following supple-
mental pleas were filed by the defendant: "First, that she
never was indebted as alleged. Second, that she never prom-
ised as alleged. Third, that she never signed the alleged
promissory note mentioned and described in the declaration,
and that her alleged signature thereon is a forgery."

On November 5th, 1925, the plaintiff filed two motions:
first, that the leave granted by the court to the defendant to
file supplemental pleas be rescinded; and, second, that the

third supplemental plea of the defendant be not received. Each of these motions was overruled by the court, to which rulings the plaintiff duly excepted, and these constitute the only exceptions contained in the record. Subsequent to the rulings of the court on these motions and the exceptions thereto reserved by the plaintiff, the plaintiff joined issue as to the defendant's first and second pleas, which were the general issue pleas, and replied to the defendant's third plea of forgery by denying that the note is a forgery and by alleging that the signature thereto is the signature of the defendant Agnes H. Harper. The defendant then joined issue on the third plea. The trial was proceeded with, and resulted in a verdict and judgment for the defendant, from which judgment this appeal is taken.

The question presented by this appeal is the correctness of the lower court's ruling in allowing the defendant to file a supplemental plea in which forgery is alleged and the signature of the appellee denied as being her genuine signature. The record discloses that this action of the court was subsequent to the filing of the general issue pleas by the defendant and a joinder of issue by the plaintiff on the general issue pleas.

Article 75, section 28, sub-section 108, of the Code of 1924, provides: "Whenever the partnership of any parties, or the incorporation of any alleged corporation, or the execution of any written instrument filed in the case is alleged in the pleadings in any action or matter at law, the same shall be taken as admitted for the purpose of said action or matter, unless the same shall be denied by the next succeeding pleading of the opposite party or parties." This section has been construed by our predecessors in a number of cases.

In the case of *Banks v. McCosker*, 82 Md. 518, Judge Roberts, after quoting sub-section 108, said: "When the note sued on was filed in this cause it had the signature of the payee endorsed thereon and was the means by which the appellees obtained title to the note, and became thereby enabled to maintain this action, the payee's

signature was then just as much a part of the instrument
sued on as were the signatures of the makers thereof.   If,
therefore, the next succeeding pleading did not in terms deny
the signatures of the makers and of the payee, the law says,
'the same shall be taken as admitted for the purpose of said
action or matter.'   We think it very clear that the legal effect
and meaning of the statute is that the next succeeding plead-
ing must in terms deny the signatures of the maker, and of
the payee as well, and we do not think the general issue plea
is such a denial as the law contemplates.   Before the passage
of the Act of 1888, ch. 248, under issue joined on the gen-
eral issue plea, the plaintiff had the burden cast upon him to
establish the due execution of the note sued upon.   Such
being the case, what possible purpose could the Legislature
have had in the passage of the act in question, if not to
relieve the plaintiff from the burden of proving the partner-
ship of the parties, the incorporation of an alleged corpora-
tion or the execution of any written instrument filed in the
case or alleged in the pleadings.   The defendant can always,
by the timely interposition of an appropriate plea, denying
such partnership, corporation or execution of a written instru-
ment, place the burden of such proof upon his adversary."
In *Tippett v. Myers,* 127 Md. 527, the late Chief Judge
Boyd said: "The words, 'the same shall be taken as admitted
for the purpose of said action or matter,' refer to the allega-
tions of partnership of any parties, the incorporation of any
alleged corporation, and the execution of any written instru-
ment alleged in the pleadings.   The failure to deny any of
these in the next succeeding pleading operates as an admission
against the opposite party."   Quoting *Banks v. McCosker,*
*supra.*   To the same effect see *Citizens Ins. Co. v. Conowingo
Co.,* 113 Md. 430, at 438; *Fredericktown Savings Institution
v. Michael,* 81 Md. 487, at 505; *McCarty v. Harris,* 93 Md.
741; *Reilly v. Union Protestant Infirmary,* 87 Md. 664, at
670; *Abbott v. Bowers,* 98 Md. 525, at 527; *Fifer v. Clear-
field Coal Co.,* 103 Md. 1, at 3; *Norfolk and Western R. R.
Co. v. Hoover,* 79 Md. 253, at 267.   In addition to these

authorities, this Court, in construing a similar provision in what is known as the Rule Day Act or the Speedy Judgment Act applicable to Baltimore City, has uniformly given it the same interpretation, as illustrated by the case of *Thorne v. Fox,* 67 Md. 67, at 73.

In this case it is clear that the execution of the note, which is the cause of action filed in the case, is alleged in the pleadings; that the next succeeding pleadings were the pleas filed by the defendant, and if the appellee desired to put in issue the genuineness of her signature to the note, it was incumbent upon her to deny her signature in the pleas originally filed to the declaration. Not having done so, the statute, in unequivocal language, and the numerous decisions of this Court, are clearly to the effect that, by filing the general issue pleas, she thereby admitted the genuineness of her signature, and is thereafter precluded from denying it. It is to be noted that after the general issue pleas were filed by the appellee the plaintiff joined issue as to those pleas. The case was then at issue, and any time thereafter was too late for the defendant to file any additional pleas which would put in issue the genuineness of her signature; and this, too, whether the filing of additional pleas was done with or without leave of the trial court. That court had no power to grant leave to the defendant to file a plea which would have an effect contrary to the plain meaning and intent of the statute. It is not a question of proper or improper exercise of discretion vested in the trial court, but a case where all power to exercise discretion is denied by the statute.

It is contended by the appellee that the provisions of section 39 of article 75, relating to amendments, are sufficient to sustain the action of the lower court. We are unable to assent to such a construction of that section, for the reason that any such interpretation would destroy the force and effect of sub-section 108, section 28, article 75, and would have the practical effect of repealing or nullifying that provision of the statute. The question of whether an alleged partnership is a partnership, an alleged corporation is a cor-

poration, an alleged execution of a written instrument by a certain person is the genuine signature of such person, are admitted for the purpose of the case unless denied by the opposite party in the next succeeding pleading, would no longer depend upon the law as expressed by the legislative enactment, but would depend upon whether or not, at some subsequent stage of the pleadings, the trial court would permit an amendment to the pleas or other pleading which had not before denied the genuineness of the signature, but which would then, by such amendment, for the first time put that question in issue. Neither do we think that the language of section 39 should be so construed. What it does mean is that amendments may be made, in all actions at law, of any of the proceedings, so that the case may be tried on its real merits and the purpose of justice subserved; but it has, and can have, no application to amendments which would nullify unambiguous and explicit provisions of the law. Such cases form an exception, to which the provisions of section 39 have no application. It may be that in this case the strict application of the law imposes a hardship upon the appellee, but any other conclusion would be in clear contravention of the statute and weaken, if not entirely destroy, the effect of many previous decisions of this Court. Entertaining the views herein expressed, we find the lower court was in error in overruling the motions of the appellant, and the judgment must be reversed.

*Judgment reversed, with costs to the appellant.*

---

Urner, J., filed the following dissenting opinion.

A judgment by confession against the appellee, entered under an ostensible power in a promissory note, having been stricken out as the result of a hearing on the appellee's motion to that end, alleging that her name appearing on the note was forged, the case was tried before a jury upon that issue

and the defense was sustained by the verdict. The only exceptions in the record were taken because the lower court overruled motions that the leave which it had given the defendants to file a supplemental plea, specifically denying her signature to the note in suit, be rescinded, and that the pleas filed in pursuance of the leave be not received. The plea thus objected to was in addition to the general issue pleas, upon which the plaintiff had already joined issue. It was contended by the plaintiff that the court had no discretion to permit the pleas to be amplified in the manner indicated. That contention was made because of the following provision of the Code (article 75, section 28, sub-section 108) : "When ever the partnership of any parties or the incorporation of any alleged corporation, or the execution of any written instrument filed in the case is alleged in the pleadings in any action or matter at law, the same shall be taken as admitted for the purpose of said action or matter, unless the same shall be denied by the next succeeding pleading of the opposite party or parties."

The execution by the defendant of the note here sued on was not denied in the next pleading as originally filed, and if the trial court had no power to allow the additional plea by way of amendment, the case must be remanded for a new trial, from which the defense of forgery is excluded, although a jury has found that defense to be valid.

It is provided by section 39 of article 75 of the Code: "In all suits and actions at law, any of the proceedings, including the writ of summons, may be amended so that such case may be tried on its real merits and the purposes of justice subserved; writs may be amended from one form of action to another when the ends of justice require it; and any amendment may be made at any time before the jury retire to make up their verdict in cases of jury trial; and in cases of demurrer and other trials before the court, at any time before judgment is entered."

This provision and the one first quoted are parts of the same Code article, on the subject of pleading, practice and

process at law.   They should be construed, if possible, as being in harmony, rather than in conflict, and neither should be so applied as to nullify the purpose to which the other is directed.   The avowed purpose of the provision relating to amendments is to promote the ends of justice by enabling the courts to bring cases to trial on their real merits.   It was the obvious design of the other provision to relieve the plaintiff of the necessity and expense of producing evidence as to particular allegations which the defendant did not intend to dispute.   In the absence of a denial by the defendant of an alleged partnership, incorporation, or signature, the fact so averred is directed to be taken as admitted for the purposes of the action.   As a regulatory measure it was provided that the denial should be made in the next succeeding pleading. If this case had proceeded to trial without a plea specifically denying the execution by the defendant of the promissory note mentioned in the declaration, the plaintiff would not have been required to prove its execution, and the defendant could not have been permitted to contest the suit on the ground that her alleged signature on the note was not genuine.   *Banks v. McCosker,* 82 Md. 518; *Tippett v. Myers,* 127 Md. 527; *Citizens Ins. Co. v. Conowingo Co.,* 113 Md. 430; *Fredericktown Savings Institution v. Michael,* 81 Md. 487; *McCarty v. Harris,* 93 Md. 741; *Reilly v. Union Protestant Infirmary,* 87 Md. 664; *Abbott v. Bowers,* 98 Md. 525; *Fifer v. Clearfield Coal Co.,* 103 Md. 1; *Norfolk and Western R. Co. v. Hoover,* 79 Md. 253.   But when the execution of the instrument which is the basis of the plaintiff's claim is in fact denied in the next pleading, whether as originally filed or as amended, before the case goes to trial, the intent of the statute that the plaintiff shall have due notice as to the need of proof on that subject is fully effectuated. If the defense is interposed so near to the time of trial as to place the plaintiff at a disadvantage in regard to the production of the requisite proof, his interest can be properly protected by the exercise of the court's authority to postpone the case in order that it may be fairly tried.   The inconvenience

which may be incident to such a course would be far less
serious than the hardship to the defendant of being abso-
lutely deprived of a legitimate defense.  I think the statute
in question should not be so strictly interpreted and applied
as to have that effect in a case where its real purpose has
been accomplished.  In none of the cases cited did the rulings
of this Court have such a consequence.  They were cases
in which no special pleas denying the alleged partnership,
incorporation, or execution of a written instrument, had been
proposed.  The question as to the right of the court to permit
such a defense to be pleaded by amendment of pleas already
filed was not involved in those cases.  It is a broad and salu-
tary power which the amendment act confers, and the exer-
cise of such a power in this case was urgently needed in order
that it might be tried on its merits and the purposes of justice
thereby subserved.  The inadvertent omission originally to
accompany the general issue pleas with one denying the
defendant's alleged signature could not have misled the plain-
tiff into the belief that the signature was to be admitted,
since the previously entered judgment had been vacated, after
a hearing, and the case opened for trial, in order that the
defense of forgery might be interposed.  So far as the devel-
opment of the plaintiff's case at the trial was concerned, no
injury whatever resulted from the action of the court in
allowing the pleas to be amended, but the effect of a con-
trary ruling upon the defendant's interests would have been
disastrous.  It would have prevented the trial of the case on
its merits, and would have required a verdict for the plaintiff
in a suit to which there appeared to be a good defense.  In
my opinion, the lower court was right in refusing to so rule
in regard to the pleadings as to compel such a result.