# BALTIMORE CITY COURT.

Filed January 4, 1928.

DOMINICK ROSSI, ETC.,

VS.

JOHN C. CROTHERS.

*Thomas H. Robinson* and *Meyer H. Getz* for plaintiff.

*Wm. Pepper Constable* and *John D. Alexander* for defendant.

STEIN, J.—

By this suit the plaintiff seeks to recover damages to a "passenger bus" he owned, for injuries caused by the defendant negligently driving a motor vehicle into the plaintiff's bus. The defendant filed two pleas, the first is a special plea under the Act of 1924, Ch. 216:

"That the plaintiff did not, nor does he now, own the passenger bus, which the declaration alleges he owns and which the declaration further alleges was driven into and against and damaged by the automobile owned by the defendant."

The second plea is the usual general issue plea of

"He did not commit the wrongs alleged."

The plaintiff joined issue on the second plea, and by way of replication to the special plea said:

"That he traverses the same."

To this replication the defendant demurred.

At the hearing of the demurrer the plaintiff argued that the demurrer amounted up to the first error in pleading, i. e., the defendant's special plea, which is bad, because it is a plea in abatement, not accompanied by an affidavit "that it is true in substance and in fact." So that the Court should overrule the demurrer to the replication and hold the special plea bad.

## I.

Taking up first the sufficiency of the replication, I hold it good, because the word traverse has a definite legal meaning, i. e.:

"To deny or contradict anything which is alleged in a previous pleading." 2 Bouvier's Law Dict., 1134.

Applying this meaning, the replication means that the plaintiff denies that at the time of its injury by the defendant he was not the owner of the motor vehicle named in the declaration; and is good.

In Gott vs. The State, 44 Md. 319 at 336; a suit on a trustee's bond—the defendant trustee plead general performance; and that no other trust was reposed in him by any subsequent or other decree. The plaintiff replied to this plea in brief—"Join issue on the second plea"; the defendant demurred —the Court of Appeals overruled the demurrer and held this replication good, saying the words "Join issue on the second plea."

"Imported, as we understand it, a denial of the averments of the plea, *especially the latter part of it* * * * and among other things held that:

"Code, Art. 75, Sec. 6, Secs. 2, 3 and 22 of the same Act, especially, make a plain statement of the facts, on the one side or the other, as the case may be, throughout the entire series of pleading, sufficient. Substance is to be considered the purpose of pleading. * * * The courts must have regard to the substance of the pleading—facts only are to be stated, not arguments, inferences or matter of law or evidence, of which the Court will take notice, ex officio. The replication could be treated as a denial of any substantial allegations of the plea.

Construed by these rules, the plaintiff's replication to the special plea— "that he traverses the same," means that he denies its substantial allegations, and is a proper traverse.

## II.

Is the special plea a plea in abatement?

A plea in abatement is a dilatory plea, and must give the plaintiff a better writ; it abates the action (a) by reason of the disability of the plaintiff; (b) by reason of the disability of the defendant; (c) for some substantial error in the declaration not available on demurrer. 1 Poe Pleading (Tiffany), Sec. 593, fol. 622.

"One peculiarity of dilatory pleas which mark very clearly their difference from peremptory pleas or pleas in bar, is, they are pleas which do not allege that the plaintiff has no right of action whatever against the defendant, but when analyzed they simply declare that the particular suit which he has seen fit to bring cannot be maintained, either for want of jurisdiction in the Court to hear it, or some other error in the proceedings." Carroll vs. Bowen, 113 Md. at 154.

The special plea does not fall into any of these classes; it merely requires the plaintiff to prove his ownership of the "bus" alleged to have been injured by the defendant; which ownership, under the Act of 1924, supra, save for the special plea denying the same, would have been admitted.

Just as under Art. 75, Sec. 28, Subsec. 108, fol. 2370, Bagby's Code, 1924, partnership, incorporation and the execution of a writing filed and alleged need not be proven unless denied in the next succeeding pleading.

In construing which the Court of Appeals held, that the object of this section was to relieve the party making such averments from the burden of proof. Banks vs. McCusker, 82 Md. 518 at 525. Tippett vs. Myers, 127 Md. 527 to 531.

The demurrer will be overruled, with fifteen days' leave to plead over.